Daniel R. Friedenthal, Esq., SBN: 136847
FRIEDENTHAL, HEFFERNAN & BROWN, LLP
1520 W. Colorado Boulevard, Second Floor
Pasadena, California 91105
Telephone: (626) 628-2800
Facsimile: (626) 628-2828

Attorneys for Defendants, KEZAR PUB, LLC, and MAD DOG IN THE FOG

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LADY BENJAMIN P.D. CANNON, A.S.C.E,,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW MARTIN MCGETTIGAN, et al.,<br><br>Defendants. | CASE NO. 3:25-cv-07834-RFL<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: May 5, 2026<br>Time: 10:00 a.m.<br>Ctrm: 15<br>Judge: Hon. Rita F. Lin<br><br>Action Filed: 9/15/25<br>Trial Date: None |

TO THE PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 5, 2026, at 10:00 a.m. or as soon thereafter as the matter may be heard in the above-entitled court before the Honorable Rita F. Lin, Courtroom 15, 450 Golden Gate Avenue, San Francisco, California, defendants, Kezar Pub, LLC, and Mad Dog in the Fog, will move the court to dismiss the action of plaintiff, Lady Benjamin P.D. Cannon, A.S.C.E., pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted on the following grounds:

/ / /

1. Plaintiff's sole basis for purported federal jurisdiction in this action is for "piracy at sea," for which there is no private cause of action. All of plaintiff's causes of action against these moving defendants are properly based in state court and, as such, plaintiff's entire action should be dismissed.

The last meet and confer in this matter occurred on February 23, 2026.

The motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, and on the records, pleadings and files in this action.

DATED: March 12, 2026

FRIEDENTHAL, HEFFERNAN & BROWN, LLP

By *Daniel R. Friedenthal*

DANIEL R. FRIEDENTHAL, ESQ.
JAY D. BROWN, ESQ.
Attorneys for Defendants, ANIMAL FRIENDS RESCUE PROJECT and MARIA SKYTTA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff, Lady Benjamin P.D. Cannon, A.S.C.E., has brought an action asserting multiple claims against multiple parties. The sole basis for venue in this court, however, is a claim for "piracy at sea" against defendants, Matthew McGettigan, Barbara Jane McGettigan, Jerry Dean and Jerry's Faeries, LLC. As will be shown below, no private cause of action for "piracy at sea" exists. As such, there is no basis for federal jurisdiction over this matter.

Additionally, the only causes of action alleged against moving defendants, Kezar Pub, LLC, and Mad Dog in the Fog, are state law claims for conversion, negligence, defamation, emotional distress and California Civil Code 51 violations. (Plaintiff also asserts conspiracy to commit the state law violations.)

Since the court lacks federal jurisdiction over plaintiff's action, it also loses pendent jurisdiction over plaintiff's state law claims.

### II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on September 19, 2023, Matthew McGettigan assaulted, battered and attempted to murder plaintiff. (Compl., page 5, line 28 – page 7, line 3.)

On October 14, 2024, Matthew McGettigan stole a boat belonging to plaintiff. (Compl., page 7, lines 4-14.)

On November 28, 2024, Matthew McGettigan, Jerry Dean and Jerry's Faeries, committed an act of piracy at sea by allegedly attacking and attempting to sink one of plaintiff's boats. (Compl., page 7, line 16 – page 9, line 13.)

On December 14, 2024, Matthew McGettigan crashed his boat into a boat belonging to plaintiff. (Compl., page 9, line 16 – page 10, line 1.)

On February 28, 2025, Matthew McGettigan, again stole a boat belonging to plaintiff. (Compl., page 10, lines 5-16.)

Beginning in January 2023, Matthew McGettigan began stealing various electronic equipment from plaintiff allegedly placing them in the businesses of McGettigan's "co-conspirators," including Kezar Pub, LLC, and Mad Dog in the Fog. (Compl., page 10, line 17 – page 11, line 17.)

Plaintiff alleges that McGettigan, "among other defendants," defamed plaintiff by asserting that she was a man and responsible for the Ghost Ship fire. (Compl., page11, line 19 – page 12, line 2.)

Plaintiff alleges that Kezar Pub breached a contract for services with plaintiff. (Compl., page 12, lines 3-16.)

Plaintiff alleges McGettigan sabotaged other boats and stole other vehicles. (Compl., page 12, line 17 – page 13, line 5.)

Plaintiff was evicted from a bar by defendants, Cat Club and Randy Maupin. (Compl., page 13, lines 7-22.)

On September 1, 2023, McGettigan stole documents belonging to plaintiff from a boat belonging to plaintiff. (Compl., page 13, line 23 – page 14, line 6.)

## III. PLAINTIFF'S COMPLAINT FAILS TO STATE ANY CLAIM UPON WHICH RELIEF MAY BE GRANTED

On a motion to dismiss pursuant to F.R.C.P. 12(b)(6), the factual allegations of the complaint must be accepted as true and the claim may only be dismissed if plaintiff is not entitled to legal relief under the facts alleged. *Rothman v. Vedder Park Mgt.* (9th Cir. 1990) 912 F.2d 315, 316, citing *Western Research Oil & Gas Co. v. New* (9th Cir. 1985) 765 F.2d 1428, 1430. In spite of the presumption given to a plaintiff's factual allegations, his complaint may not be comprised purely of conclusory allegations, but must provide factual support for each element of his causes of action. This is especially true concerning civil rights and other claims filed by pro se litigants. *Ivey v. Bd. of Regents* (9th Cir. 1982) 673 F.2d 266.

/ / /

To survive a Rule 12(b)(6) motion to dismiss, the facts alleged must state a "facially plausible" claim for relief. (*Shroyer v. New Cingular Wireless Services, Inc.* (9th Cir. 2010) 622 F3d 1035, 1041.) Plaintiff's complaint come nowhere close to this standard.

**1. No Private Cause of Action for "Piracy at Sea."**

Plaintiff bases her claim for venue in this court on the allegation of "piracy at sea." (Fifth Cause of Action.) There is no private cause of action for such a claim.

The act of piracy, prohibited by 18 U.S.C. § 1652, et seq., is a criminal statute that does not offer relief for a private cause of action. "The presence of a criminal statute neither creates nor implies a corresponding private right of action." (*Oglala Sioux Tribe v. Schwarting* (D. Neb. 2012) 894 F.Supp.2d 1195, 1200.)

In *S. Kadic v. Karadzic,* 70 F.3d 232, 238, 240 (2d Cir.1995), the court found that a party may have a private cause of action for piracy under the Alien Tort Act, but further noted that the Alien Tort Act only applied to tort actions by aliens.

In *Arroyo-Torres v. Ponce Federal Bank, F.B.S.* (1st Cir. 1990) 918 F.2d 276, 280, the court found that a 12(b)(6) motion as the proper vehicle where no federal question exists because of a lack of a private cause of action.

**2. Plaintiff's State Law Causes of Action Should be Dismissed.**

In federal question cases, a valid federal claim must be pleaded before a federal court can exercise "supplemental jurisdiction": "[I]t makes no sense to speak of pendent [supplemental] jurisdiction until after a court has independently acquired jurisdiction over a federal cause of action." (*Hunter v. United Van Lines* (9th Cir. 1984) 746 F.2d 635, 649.)

This is particularly true in the case of Kezar Pub, LLC, and Mad Dog in the Fog. Plaintiff's Second Cause of Action (attempted murder & battery); Third Cause of Action (assault); Fourth Cause of Action (false imprisonment); Fifth Cause of Action (piracy at sea); and Seventh Cause of Action (vehicle theft, vandalism), do not even mention defendants, Kezar Pub, LLC, and Mad Dog in the Fog.

With the sole exception of the Seventh Cause of Action for conversion, which refers to an alleged breach of contract by Kezar Pub, LLC, with plaintiff, every other state claim cause of action pled by plaintiff simply lumps all defendants together without making a single specific allegation against Kezar Pub, LLC, and Mad Dog in the Fog. Plaintiff's First Cause of Action for conspiracy is particularly vague, asserting that the "other defendants, and each of them, collaborated with MCGETTINGAN to commit the other causes of action in this complaint." (Compl., page 14, line 19.) This would presumably include the causes of action for assault, attempted murder and piracy specifically alleged against McGettigan.

28 U.S.C. 1367 states that supplemental jurisdiction is mandatory except where under section 1367(c) the court determines that the state law claim "(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or] (3) the district court has dismissed all claims over which it has original jurisdiction."

In the present matter, the court should dismiss the sole claim alleged by plaintiff to provide jurisdiction: "piracy at sea." Otherwise, defendants, Kezar Pub, LLC, and Mad Dog in the Fog, request dismissal of plaintiff's action against them as having nothing whatsoever to do with the original jurisdiction claimed by plaintiff.

## IV. CONCLUSION

Pursuant to the foregoing, defendants, Kezar Pub, LLC, and Mad Dog in the Fog, request that the court grant the motion to dismiss for failure to state a claim upon which relief may be granted with prejudice.

DATED: March 12, 2026

FRIEDENTHAL, HEFFERNAN & BROWN, LLP

By *Daniel R. Friedenthal*

DANIEL R. FRIEDENTHAL, ESQ.
Attorneys for Defendants, KEZAR PUB, LLC, and MAD DOG IN THE FOG