BRUCE C. FUNK (SBN 122340)
Law Office of Bruce C. Funk
46 West Santa Clara Street
San Jose, California 95113
Telephone: (408) 280-6488
Facsimile: (408) 286-3139
Email: bcfunkesq@aol.com

Attorney for Defendant,
Matthew McGettigan

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

LADY BENJAMIN P.D. CANNON, A.S.C.E.,

Plaintiff,

v.

MATTHEW MARTIN MCGETTIGAN, et al.,

Defendants.

CASE NO.: 3:25-cv-07834-RFL

**DEFENDANT MATTHEW MCGETTIGAN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]**

Date: May 12, 2026
Time: 10:00 a.m.
Courtroom: 15
Judge: Honorable Rita F. Lin

Action Filed: 9/15/25
Trial Date: None

COMES NOW, Defendant Matthew McGettigan, by and through undersigned counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby respectfully moves this Court to dismiss Plaintiff's Complaint in its entirety for failure to state a claim upon which relief can be granted. This motion is based on the grounds that Plaintiff has failed to establish a valid basis for federal jurisdiction and has failed to state a claim for piracy at sea under federal law.

//

## I. INTRODUCTION

Plaintiff Lady Benjamin P.D. Cannon has filed a sprawling complaint asserting twelve causes of action against multiple defendants, including this moving Defendant. The sole basis for federal jurisdiction asserted in the Complaint is a claim for piracy at sea under Article 101 of the United Nations Convention on the Law of the Sea and 18 USCS § 1651.

However, Plaintiff's piracy claim fails, as a matter of law, for two independent reasons. First, the alleged acts did not occur on the high seas as required by the definition of piracy under federal and international law, but rather occurred in San Francisco Bay, which is within the territorial jurisdiction of the United States and the State of California.

Secondly, no private cause of action exists for piracy at sea under federal law. Since Plaintiff's piracy claim fails, this Court lacks federal question jurisdiction over the action, and consequently lacks supplemental jurisdiction over Plaintiff's remaining state law claims.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges a series of incidents occurring between September 2023 and February 2025 involving Defendant Matthew McGettigan and various other defendants. The alleged incidents include an assault and battery on September 19, 2023, multiple thefts of a small boat, damage to vessels, and alleged attempts to sink Plaintiff's vessels. According to the Complaint, these incidents occurred at locations in or around San Francisco Bay, including at Oyster Cove Marina, while vessels were at anchor in San Francisco Bay, and at other locations within the territorial waters of California.

Plaintiff characterizes these alleged acts as piracy at sea and invokes federal jurisdiction based on Article 101 of the United Nations Convention on the Law of the Sea and 18 USCS § 1651. The Complaint asserts twelve causes of action, including conspiracy, battery and attempted murder, assault, false imprisonment, piracy at sea, vehicle theft and vandalism, conversion of property, defamation, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and violations of the Unruh Civil Rights Act.

Plaintiff alleges that on September 19, 2023, Matthew McGettigan assaulted, battered and attempted to murder plaintiff. (Compl., page 5, line 28 – page 7, line 3.)

On October 14, 2024, Matthew McGettigan stole a boat belonging to plaintiff. (Compl., page 7, lines 4-14.)

On November 28, 2024, Matthew McGettigan, Jerry Dean and Jerry's Faeries, committed an act of piracy at sea by allegedly attacking and attempting to sink one of plaintiff's boats. (Compl., page 7, line 16 – page 9, line 13.)

On December 14, 2024, Matthew McGettigan crashed his boat into a boat belonging to plaintiff. (Compl., page 9, line 16 – page 10, line 1.)

On February 28, 2025, Matthew McGettigan, again stole a boat belonging to plaintiff. (Compl., page 10, lines 5-16.)

Beginning in January 2023, Matthew McGettigan began stealing various electronic equipment from plaintiff allegedly placing them in the businesses of McGettigan's "co-conspirators," including Kezar Pub, LLC, and Mad Dog in the Fog. (Compl., page 10, line 17 – page 11, line 17.)

Plaintiff alleges that McGettigan, "among other defendants," defamed plaintiff by asserting that she was a man and responsible for the Ghost Ship fire. (Compl., page 11, line 19 – page 12, line 2.)

Plaintiff alleges that McGettigan conspired with Kezar Pub to breach a contract for services with plaintiff. (Compl., page 12, lines 3-16.)

Plaintiff alleges McGettigan sabotaged other boats and stole other vehicles. (Compl., page 12, line 17 – page 13, line 5.)

On September 1, 2023, McGettigan stole documents belonging to plaintiff from a boat belonging to plaintiff. (Compl., page 13, line 23 – page 14, line 6.)

## III. <u>PLAINTIFF'S COMPLAINT FAILS TO STATE ANY CLAIM UPON WHICH RELIEF MAY BE GRANTED</u>

Under Rule 12(b)(6), a complaint must articulate a cognizable legal theory and allege sufficient facts to support that theory. A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. This standard does not require a probability of misconduct but

demands more than a mere possibility or speculative level of wrongdoing. *Am. Ice Mach. Co. v. Mod. Ice Equip. Co.* (2025) 763 F. Supp. 3d 1149, 1153, *Mau v. City & Cnty. of Honolulu* (2025) 807 F. Supp. 3d 1169, 1184, *In re Virtu Fin., Inc. Sec. Litig.* (2025) 770 F. Supp. 3d 482, 496.

The U.S. Supreme Court in *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 555, 570 clarified that a complaint must include more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Instead, factual allegations must raise a right to relief above the speculative level. *In re Virtu Fin., Inc. Sec. Litig., supra at 496*, *Bell Atl. Corp. v. Twombly, supra at 555*, *Ford v. Hyundai Motor Am.* (2024) 709 F. Supp. 3d 1067, 1075-1076. Similarly, in *Ashcroft v. Iqbal* (2009) 556 U.S. 662, the Court emphasized that while courts must accept well-pleaded factual allegations as true, they are not bound to accept legal conclusions couched as factual allegations. The plausibility standard requires non-conclusory factual content that suggests a claim entitling the plaintiff to relief. *Ashcroft v. Iqbal, supra at 678-679.*

In the Ninth Circuit, courts apply this standard by construing the factual allegations in the light most favorable to the plaintiff and drawing all reasonable inferences in their favor. However, bare legal conclusions or threadbare recitals of the elements of a cause of action are insufficient to survive a motion to dismiss. *Am. Ice Mach. Co. v. Mod. Ice Equip. Co.*, supra at 1153, *Mau v. City & Cnty. of Honolulu*, supra at 1184, *Ford v. Hyundai Motor Am.*, supra at 1075-1076.

In sum, to survive a Rule 12(b)(6) motion, a complaint must provide sufficient factual matter to nudge the claim from conceivable to plausible, ensuring that the defendant has fair notice of the claim and its grounds. *Am. Ice Mach. Co. v. Mod. Ice Equip. Co., supra at 1153, Mau v. City & Cnty. of Honolulu, supra at 1184, In re Virtu Fin., Inc. Sec. Litig., supra at 496, Bell Atl. Corp. v. Twombly, supra at 555, Bell Atl. Corp. v. Twombly, supra at 555, Ashcroft v. Iqbal, supra at 678-679.*

In *Arroyo-Torres v. Ponce Federal Bank, F.B.S.* (1st Cir. 1990) 918 F.2d 276, 280, the court found that a 12(b)(6) motion as the proper vehicle where no federal question exists because of a lack of a private cause of action.

### A. **<u>Plaintiff Has Failed To State A Claim For Piracy At Sea Because The Alleged Acts Did Not Occur On The High Seas</u>**

The term "high seas" is generally defined as waters that are not part of the territorial waters of any nation. Under federal law, the territorial waters of the United States, including California, extend three geographical miles (approximately 3.45 statute miles) from the coastline, as defined by 43 USCS § 1301 and 43 USCS § 1312. Beyond this three-mile limit, the waters are considered "high seas". 43 USCS § 1301, 43 USCS § 1312, 2 California Torts § 22.12 Remedy for Wrongful Death.

Courts have broadly construed the term "high seas" to encompass all waters beyond the territorial waters of the United States. This includes waters that are not under the exclusive jurisdiction of any single nation, such as international waters. For example, the Death on the High Seas Act (DOHSA) applies to wrongful death claims arising from incidents occurring beyond three nautical miles from the U.S. shore, and courts have interpreted "high seas" under this act to include waters outside U.S. territorial jurisdiction, even if they are within the territorial waters of another nation. 2 California Torts § 22.12 Remedy for Wrongful Death, *Touhey v. Carnivale Cruise Lines* (1980) 111 Cal. App. 3d 958, 960.

Additionally, case law has clarified that the "high seas" are distinct from inland waters, ports, and harbors, which are under the jurisdiction of the adjacent state or nation. For instance, in *Beckett v. MasterCraft Boat Co.* (2005) 126 Cal. App. 4th 1045, the court noted that "high seas" are not limited to expansive oceans but include all waters beyond U.S. territorial waters. *Beckett v. MasterCraft Boat Co., supra at 1048*. Similarly, in *People v. Weeren* (1980) 26 Cal. 3d 654 (1980), the California Supreme Court affirmed that California's territorial waters are limited to a three-mile belt off the mainland and surrounding coastal islands, with waters beyond this limit considered "high seas" for federal purposes. *People v. Weeren, supra at 665*.

In summary, the "high seas" are defined as waters beyond the territorial jurisdiction of any nation, typically starting three nautical miles from the U.S. coastline, and include international waters not subject to the dominion of any single nation. 43 USCS § 1301, 43 USCS § 1312, 2 California Torts § 22.12 Remedy for Wrongful Death, *Touhey v. Carnivale Cruise Lines* (1980)

111 Cal. App. 3d 958, *Beckett v. MasterCraft Boat Co.*, (2005) 126 Cal. App. 4th 1045.

B. **No Private Cause of Action for "Piracy at Sea"**

Plaintiff bases her claim for venue in this court on the allegation of "piracy at sea." (Fifth Cause of Action.) There is no private cause of action for such a claim.

The act of piracy, prohibited by 18 U.S.C. § 1652, et seq., is a criminal statute that does not offer relief for a private cause of action. "The presence of a criminal statute neither creates nor implies a corresponding private right of action." (*Oglala Sioux Tribe v. Schwarting* (D. Neb. 2012) 894 F.Supp.2d 1195, 1200.)

Under federal law, there is no private cause of action for piracy under 18 USCS § 1651.

This statute criminalizes piracy on the high seas and prescribes life imprisonment for those who commit such acts, but it does not provide for a private right of action. The statute is aimed at criminal prosecution by the government rather than civil remedies for private individuals. 18 USCS § 1651.

The principle that private rights of action must be explicitly created by Congress is well-established. Courts have consistently held that criminal statutes, including those addressing piracy, do not inherently confer private rights of action unless Congress explicitly provides for such a remedy. For example, in *Hill v. DiDio* (2006) 191 Fed. Appx. 13, the Second Circuit emphasized that crimes are prosecuted by the government, not private parties, and that private individuals may only bring suit under a federal statute when Congress specifically intended to create a private right of action. *Hill v. DiDio, supra at 14*. Similarly, in *Stew Farm, Ltd. v. Natural Res. Conservation Serv.* (2014) 767 F.3d 554, the Sixth Circuit reiterated that private rights of action to enforce federal law must be created by Congress, and the absence of statutory language indicating such intent precludes the recognition of a private remedy. *Stew Farm, Ltd. v. Natural Res. Conservation Serv., supra at 562*.

Furthermore, the Supreme Court has clarified that the judicial task is to interpret the statute to determine whether Congress intended to create not just a private right but also a private remedy. Without explicit evidence of such intent, courts may not infer a private cause of action, regardless of policy considerations. *Cenzon-DeCarlo v. Mount Sinai Hosp.* (2010) 626 F.3d 695,

697.

In the context of piracy, while 18 USCS § 1651 reflects the principle of universal jurisdiction and the international recognition of piracy as a crime against all nations, *United States v. Ali* (2013) 718 F.3d 929, 935, *United States v. Shibin* (2013) 722 F.3d 233, it remains a criminal statute. There is no indication in its language or legislative history that Congress intended to create a private right of action for individuals harmed by acts of piracy. Instead, the statute is designed to enable the prosecution of pirates by the United States government.

In conclusion, 18 USCS § 1651 does not provide a private cause of action for piracy under federal law. Any civil remedies for acts of piracy would need to be pursued under other legal frameworks, such as the Alien Tort Statute, 28 USCS § 1350, which allows aliens to bring civil actions for torts committed in violation of the law of nations, provided the claim meets the stringent requirements established by the Supreme Court in *Sosa v. Alvarez-Machain* (2004) 542 U.S. 692. However, even under the Alien Tort Statute, claims must rest on norms of international character that are universally accepted and specifically defined. *Sosa v. Alvarez-Machain, supra at 727*.

In *S. Kadic v. Karadzic,* (2d Cir.1995) 70 F.3d 232, 238-240, the court found that a party may have a private cause of action for piracy under the Alien Tort Act, but further noted that the Alien Tort Act only applied to tort actions by aliens. The complaint does not allege that Plaintiff is an alien.

### C. <u>Without Valid Federal Jurisdiction Over The Piracy Claim, This Court Lacks Jurisdiction Over Plaintiff's State Law Claims</u>

In federal question cases, a valid federal claim must be pleaded before a federal court can exercise "supplemental jurisdiction": "[I]t makes no sense to speak of pendent [supplemental] jurisdiction until after a court has independently acquired jurisdiction over a federal cause of action." (*Hunter v. United Van Lines* (9th Cir. 1984) 746 F.2d 635, 649.)

Plaintiff's Complaint asserts federal jurisdiction based solely on the piracy claim. The remaining eleven causes of action are all based on state law, including state law torts such as battery, assault, false imprisonment, conversion, defamation, negligence, and intentional

infliction of emotional distress, as well as a claim under California Civil Code section 51.

Federal courts have original jurisdiction over civil actions arising under federal law. 28 USCS § 1331. When a federal court has original jurisdiction over a federal claim, it may exercise supplemental jurisdiction over related state law claims that form part of the same case or controversy. 28 USCS § 1367.

However, when the federal claim that provides the basis for original jurisdiction is dismissed, the court loses the foundation for exercising supplemental jurisdiction over the remaining state law claims. Here, because Plaintiff's piracy claim fails to state a claim upon which relief can be granted, this Court lacks federal question jurisdiction over the action. Without valid federal jurisdiction over the piracy claim, the Court also lacks supplemental jurisdiction over Plaintiff's state law claims.

All of Plaintiff's remaining causes of action are properly brought in state court under state law. The alleged conduct, even accepting Plaintiff's allegations as true, involves disputes over alleged assaults, thefts, property damage, and defamation occurring within California. These are quintessentially state law matters that should be adjudicated in California state court, not federal court.

28 U.S.C. 1367 states that supplemental jurisdiction is mandatory except where under section 1367(c) the court determines that the state law claim "(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or] (3) the district court has dismissed all claims over which it has original jurisdiction."

In the present matter, the court should dismiss the sole claim alleged by plaintiff to provide jurisdiction: "piracy at sea." As such, defendant, Matthew McGettigan, requests dismissal of plaintiff's state cause of actions against him as the Court no longer has supplemental jurisdiction.

**CONCLUSION**

WHEREFORE, Defendant Matthew Martin McGettigan respectfully requests that this Court:

1. Dismiss Plaintiff's Fifth Cause of Action for Piracy at Sea with prejudice for failure to

state a claim upon which relief can be granted.

2. Dismiss all remaining causes of action with prejudice for lack of subject matter jurisdiction.
3. Award Defendant his costs and attorney's fees incurred in bringing this motion.
4. Grant such other and further relief as the Court deems just and proper.

Dated: March 30, 2026

Respectfully submitted,

*/s/ Bruce C. Funk*
BRUCE C. FUNK, Attorney for
Defendant Matthew McGettigan