P. CHRISTIAN SCHELEY, ESQ. (Cal. Bar No. 125493)
cscheley@clappmoroney.com
STEVEN R. SCHUNK, ESQ. (Cal. Bar No. 351164)
sschunk@clappmoroney.com
CLAPP MORONEY VUCINICH BEEMAN & SCHELEY
A PROFESSIONAL CORPORATION
1730 S. El Camino Real, Suite 500
San Mateo, CA 94402
Tel: (650) 989-5400; Fax: (650) 989-5499

Attorney for Defendant,
BARBARA MCGETTIGAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADY BENJAMIN P.D. CANNON, A.S.C.E.<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW MARTIN MCGETTIGAN, An individual, BARBARA JANE MCGETTIGAN, an individual, JERRY DEAL, an individual, CYRIL HACKETT, an individual RANDY MAUPIN, an individual, PATRICIA A BYRNE, an individual, THE TRUST FOR THE BENEFIT OF MATTHEW MARTIAN MCGETTIAGAN, a trust, JERRY'S FEARIES, LLC, a California Limited Liability Company, KEZAR PUB, LLC. a California Limited Liability Company or partnership of undetermined Type, F8 SF, a California company or Partnership of indetermined type, MAD DOG IN THE FOG, a California company or Partnership of undetermined type, DOES ONE through DOE 100, inclusive<br><br>Defendants. | Case No. 3:25-cv-07834-RFL<br><br>**DEFENDANT BARBARA MCGETTIGAN'S NOTICE OF MOTION AND MOTION TO DISMISS UNDER RULE 12; DECLARATION OF COUNSEL; MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>Complaint filed: September 15, 2025<br><br>Trial date: Not applicable<br><br>Hearing Date: May 12, 2026<br>Time: 10:00 am<br>Department: 15<br>Judge: Hon. Rita Lin |

**NOTICE OF MOTION & MOTION**

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 12, 2026, at 10:00 am, or as soon thereafter as the matter may be heard in the above-entitled court before the Honorable Rita F. Lin, Courtroom 15, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Barbara McGettigan will move the Court to dismiss the action of Plaintiff, Lady Benjamin P.D. Cannon, A.S.C.E., pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted on the following grounds:

No private right of action exists for Piracy at Sea, which is prohibited under the criminal code at18 U.S. Code § 1651 et seq, and therefore no relief can be granted. Additionally, the purported cause of action Piracy at Sea is the sole basis for supplemental jurisdiction in this court, and because that cause of action fails this Court lacks jurisdiction over the remaining state law causes of action. Therefore, the entire complaint should be dismissed.

This motion will be based on this Notice of Motion and Motion, the Declaration of Steven Schunk, the Memorandum of Points and Authorities filed herewith, and on the records, pleadings and files in this action.

Dated: March 30, 2026

CLAPP, MORONEY, VUCINICH,
BEEMAN and SCHELEY

By: ______________________________
P. CHRISTIAN SCHELEY, ESQ.
STEVEN R. SCHUNK, ESQ.
Attorneys for Defendant
BARBARA MCGETTIGAN

## DECLARATION

I, Steven R. Schunk, declare as follows:

1. I am an attorney licensed to practice law in the State of California as well as before the Northern District of California. I am an associate attorney at Clapp, Moroney, Vucinich, Beeman & Scheley, attorneys of record for Defendant Barbara McGettigan.

2. I make the following declaration based on personal knowledge of each fact stated in this declaration, except as to matters stated upon information and belief, and as to those matters I believe to be true. If called upon to testify, I could and would competently testify thereto.

3. I met and conferred telephonically with counsel for Plaintiff to discuss the general substance of this motion and the potential for amendment or other compromise short of motion practice. I spoke on the telephone with Plaintiff's counsel on March 25 and March 26, 2026.

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct, this 30th day of March 2026 in San Mateo, California.

Steven R. Schunk, Declarant

## MEMORANDUM

Defendant Barbara McGettigan, through counsel, moves this Court under Federal Rules of Civil Procedure, Rules 12 (b) (6) and 12 (b) (1), to dismiss Plaintiff's Complaint, for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction.

## I. INTRODUCTION

Plaintiff, Lady Benjamin P.D. Cannon, A.S.C.E., has brought an action asserting twelve purported causes of action against multiple defendants. The sole basis for federal jurisdiction asserted in the Complaint is a claim for piracy at sea under Article 101 of the United Nations Convention on the Law of the Sea and 18 USCS § 1651. The remaining causes of action are all state law causes of action, which are proceeding in federal court under supplemental jurisdiction.

No private right action exists for piracy at sea, and accordingly the claim stated is not one upon which relief can be granted by a court. Also, no piracy occurred because the acts alleged did not occur on the high seas. Because no relief can be granted, the claim fails and may be dismissed. Once the basis for supplemental jurisdiction falls, Plaintiff's remaining claims are all state law claims. Because the only basis for jurisdiction in the Northern District is federal question based on piracy, but that cause of action fails, the Court lacks jurisdiction to hear the remaining state law claims.

## II. PLAINTIFF'S COMPLAINT

Plaintiff alleges a series of incidents occurring between September 2023 and February 2025 involving Defendant Matthew McGettigan and various other named defendants, including public accommodations and their owners. As pled, the basis for jurisdiction is federal question arising out of piracy at sea, codified at 18 U.S. Code § 1651 et. seq. (Plaintiff's Complaint, ¶ 16). The other eleven cause of action are conspiracy, assault, battery, false imprisonment, vehicle theft and vandalism, conversion, defamation, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, and violations of the Unruh Civil Rights Act.

Barbara McGettigan is not alleged to have directly committed most of the torts above. Instead she alleged to be a conspirator, because she allows her son to live with her from time to time, shares stolen property and allegedly allows her son to store stolen property, and otherwise facilitates her son's alleged tortious conduct by providing funds, comfort, and material support. (Compl., ¶3).

To provide a more detailed summary, Plaintiff alleges that on September 19, 2023, Matthew McGettigan assaulted, battered and attempted to murder plaintiff. (Compl., page 5, line 28 – page 7, line 3.) On October 14, 2024, Matthew McGettigan stole a boat belonging to plaintiff. (Compl., page 7, lines 4-14.) On November 28, 2024, Matthew McGettigan, Jerry Deal and Jerry's Faeries, committed an act of piracy at sea by allegedly attacking and attempting to sink one of plaintiff's boats. (Compl., page 7, line 16 – page 9, line 13.) On December 14, 2024, Matthew McGettigan crashed his boat into a boat belonging to plaintiff. (Compl., page 9, line 16 – page 10, line 1.) On February 28, 2025, Matthew McGettigan, again stole a boat belonging to plaintiff. (Compl., page 10, lines 5-16.).

Beginning in January 2023, Matthew McGettigan began stealing various electronic equipment from plaintiff allegedly placing them in the businesses of McGettigan's "co-conspirators," including Kezar Pub, LLC, and Mad Dog in the Fog. (Compl., page 10, line 17 – page 11, line 17.) Plaintiff alleges that McGettigan, "among other defendants," defamed plaintiff by asserting that she was a man and responsible for the Ghost Ship fire. (Compl., page11, line 19 – page 12, line 2.) Plaintiff alleges that Kezar Pub breached a contract for services with plaintiff. (Compl., page 12, lines 3-16.) Plaintiff alleges McGettigan sabotaged other boats and stole other vehicles. (Compl., page 12, line 17 – page 13, line 5.) Plaintiff was evicted from a bar by defendants, Cat Club and Randy Maupin. (Compl., page 13, lines 7-22.) On September 1, 2023, Matthew McGettigan stole documents belonging to plaintiff from a boat belonging to plaintiff. (Compl., page 13, line 23 – page 14, line 6.).

Plaintiff alleges that all named defendants conspired and collaborated in furtherance of the actions alleged in the complaint and that all defendants, and each of them are guilt of malice, fraud, or oppression supporting an award punitive damages. (Compl., page 14, lines 55 – 60).

## III. <u>NO PRIVATE RIGHT OF ACTION EXISTS FOR PIRACY AT SEA.</u>

To survive a Motion to Dismiss under Federal Rules of Civil Procedure ("F.R.C.P.") Rule 12(b)(6), a plaintiff must make a "short and plain statement" providing "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 570 (quoting Rule 8(a)(2)). Dismissal under Fed. R. Civ. P. 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.* (9th Cir. 1988) 901 F.2d 696, 699.

Where a complaint states a claim for which relief cannot be granted, a motion to dismiss is the proper vehicle. In *Arroyo-Torres v. Ponce Federal Bank, F.B.S.* (1st Cir. 1990) 918 F.2d 276, 280, the court found that a 12(b)(6) motion as the proper vehicle where no federal question exists because of a lack of a private right of action.

There is no private right of action for the cause of action upon which plaintiff bases her claim for jurisdiction of this court, "piracy at sea." The act of piracy, prohibited by 18 U.S.C. § 1651, *et seq*., is a criminal statute that does not offer relief for a private cause of action. "The presence of a criminal statute neither creates nor implies a corresponding private right of action." (*Oglala Sioux Tribe v. Schwarting* (D. Neb. 2012) 894 F.Supp.2d 1195, 1200.). And the presence of criminal penalties, while not dispositive, suggests (in the absence of an expressly created private remedy) that Congress was not concerned with creating private rights or remedies in enacting the legislation. (*Id*., citing *California v. Sierra Club*, 451 U.S. 287, 294-95, 101 S. Ct. 1775, (1981). Here, the statute criminalizes piracy on the high seas and prescribes life imprisonment for those who commit such acts. Furthermore, none of the sections of Chapter 81 of the Title 18, Part I, explicitly creates a private right of action supplementing the criminal remedy. (18 U.S.C. §§ 1651 – 1661.).

The principle that private rights of action must be explicitly created by Congress is well-established. Courts have consistently held that criminal statutes, including those addressing piracy, do not inherently confer private rights of action unless Congress explicitly provides for such a remedy. For example, in *Stew Farm, Ltd. v. Natural Res. Conservation Serv*. (2014) 767 F.3d 554, the Sixth Circuit reiterated that private rights of action to enforce federal law must be created by Congress, and the absence of statutory language indicating such intent precludes the recognition of a private remedy. *Stew Farm, Ltd. v. Natural Res. Conservation Serv., supra,* at 562. Furthermore, the Supreme Court has clarified that the judicial task is to interpret the statute to determine whether Congress intended to create not just a private right but also a private remedy. Without explicit evidence of such intent, courts may not infer a private cause of action, regardless of policy considerations. *Cenzon-DeCarlo v. Mount Sinai Hosp.* (2010) 626 F.3d 695, 697.

In summary, no private right of action exists for Piracy at Sea because it is a criminal law statue with criminal penalties, and no language in the chapter provides for a private right of action.

## IV. PLAINTIFF DOES NOT ALLEGE ACTS OCCURING ON THE HIGH SEAS.

18 U.S. Code § 1651 provides, "Whoever, **on the high seas**, commits the crime of piracy as defined by the law of nations, and is afterwards brought into or found in the United States, shall be imprisoned for life." (emphasis added). The wording of the statute itself tends to imply that the high seas is an area outside of the United States, because the wrongdoer after committing the crime of piracy is afterwards brought into or found in the United States.

Additionally, case law generally instructs that the "high seas" are distinct from inland waters, ports, and harbors, which are under the jurisdiction of the adjacent state or nation. For instance, in *Beckett v. MasterCraft Boat Co*. (2005) 126 Cal. App. 4th 1045, 1049-50, the court noted that "high seas" are not limited to expansive oceans but include all waters beyond U.S. territorial waters. *Beckett v. MasterCraft Boat Co., supra* at 1048. Similarly, in *People v. Weeren* (1980) 26 Cal. 3d 654 (1980), the California Supreme Court affirmed that California's territorial waters are limited to a three-mile belt off the mainland and surrounding coastal islands, with waters beyond this limit considered "high seas" for federal purposes. *People v. Weeren*, supra at 665.

The alleged acts of piracy and the conspiracy alleged along with it are alleged to have occurred at a harbor in the San Francisco Bay. To the same extent the San Francisco Bay is alleged to be indisputably a navigable waterway, it is situated entirely within the belt that extends three miles off of the mainland of the State of California. Therefore, the San Francisco Bay is not the high seas and no cause of action is stated under the criminal statute that is the basis of jurisdiction specifically alleged in the complaint. For that reason, the alleged Piracy at Sea cause of action fails to state a claim upon which relief can be granted.

## V. SUPPLEMENTAL JURISDICTION FAILS AND SO DOES THE COMPLAINT.

In federal question cases, a valid federal claim must be pleaded before a federal court can exercise "supplemental jurisdiction": "[I]t makes no sense to speak of pendent [supplemental] jurisdiction until after a court has independently acquired jurisdiction over a federal cause of action." (*Hunter v. United Van Lines* (9th Cir. 1984) 746 F.2d 635, 649.).

Here, the sole basis for federal question jurisdiction is the claim for piracy at sea. But, no private right of action exists and no remedy may be afforded to the plaintiff under that statute.

Furthermore, the statute if it created a private right of action is only applicable to the high seas, and the complaint does not allege acts occurring on the high seas. So, the claim for piracy at sea fails and should be dismissed under Rule 12 (b) (6), because no relief can be granted by this Court. Because the basis for supplemental jurisdiction fails, the only remaining claims are entirely state law claims. This Court lacks jurisdiction to hear a case solely stating state law claims, and under Rule 12 (b) (1), the Court should dismiss the entire complaint for lack of jurisdiction.

## VI. CONCLUSION

For the foregoing reasons, defendant Barbara McGettigan respectfully requests this Court grant her motion and:

1. Dismiss Plaintiff's Fifth Cause of Action for Piracy at Sea with prejudice for failure to state a claim upon which relief can be granted.
2. Dismiss all remaining causes of action with prejudice for lack of subject matter jurisdiction.
3. Award Defendant her costs and attorney's fees incurred in bringing this motion.
4. Grant such other and further relief as the Court deems just and proper.

Dated: March 30, 2026

CLAPP, MORONEY, VUCINICH,
BEEMAN and SCHELEY

By: Steven Schunk

P. CHRISTIAN SCHELEY, ESQ.
STEVEN R. SCHUNK, ESQ.
Attorneys for Defendant
BARBARA MCGETTIGAN

**Lady Benjamin P.D. Cannon A.S.C.E. v McGettigan, Matthew Martin, et al.**
Northern District Court Court Case No.: 3:25-cv-07834-RFL

**PROOF OF SERVICE - Civil**
[*Code of Civ. Proc. §§ 1011, 1013, 1031a, 2015.5*]

**METHOD OF SERVICE**:

☐ By Personal Service ☐ By Mail ☐ By Overnight Delivery
☐ By Messenger Service ☐ By Facsimile ☒ **By E-Mail/Electronic Transmission**

1. I am a citizen of the United States and am employed in the County of San Mateo, State of California. I am over the age of 18 years and not a party to the within action.

2. My place of employment is 1730 S. El Camino Real, Suite 500, San Mateo, California 94402.

3. On the date set forth below, I caused to be served a true and correct copy of the document described as:

**DEFENDANT BARBARA MCGETTIGAN'S MOTION TO DISMISS UNDER RULE 12**

4. I served the document on the persons below, as follows:

| | |
|---|---|
| Paul J. Steiner<br>**LAW OFFICE OF PAUL J. STEINER**<br>580 California Street, 12th Floor<br>San Francisco, CA 94194<br>(T) (415) 981-6100 \|\| (F) (415) 984-0950<br>paul@sfpaulaw.com<br><br>**Attorney for Plaintiff**<br>LADY BENJAMIN P.D. CANNON, A.S.C. E | Daniel R. Friedenthal, Esq., SBN: 136847<br>**FRIEDENTHAL, HEFFERNAN & BROWN, LLP**<br>1520 W. Colorado Boulevard, Second Floor<br>Pasadena, California 91105<br>T: (626) 628-2800 \|\| F: (626) 628-2828<br><br>**Attorneys for Defendants,** KEZAR PUB, LLC, and MAD DOG IN THE FOG |

5. The document was served by the following means (specify):

a. ☐ **BY PERSONAL SERVICE.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

b. ☐ **BY UNITED STATES MAIL**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and (specify one):

(1) ☐ deposited the sealed envelope with the United States Postal Services, with the postage fully prepaid.

(2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that

correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am resident or employed in the County where the mailing occurred. The envelope or package was placed in the mail at San Mateo, California, County of San Mateo.

c. ☐ **BY OVERNIGHT DELIVERY.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I place the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **BY MESSENGER SERVICE**. I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ☐ **BY FAX TRANSMISSION**. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION**. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the email addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ **(Federal)** I declare that I am employed in the offices of a member of the bar of this court at whose direction this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 31, 2026, at San Mateo, California.

Aaron Zetzer