Daniel R. Friedenthal, Esq., SBN: 136847
FRIEDENTHAL, HEFFERNAN & BROWN, LLP
1520 W. Colorado Boulevard, Second Floor
Pasadena, California  91105
Telephone:  (626) 628-2800
Facsimile:   (626) 628-2828

Attorneys for Defendants, KEZAR PUB, LLC, and MAD DOG IN THE FOG

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADY BENJAMIN P.D. CANNON, A.S.C.E,, <br><br> Plaintiff, <br><br> v. <br><br><br><br> MATTHEW MARTIN MCGETTIGAN, et al., <br><br> Defendants. | CASE NO. 3:25-cv-07834-RFL <br><br> **REPLY TO OPPOSITION TO THE MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br><br> Date:  May 5, 2026 <br> Time:  10:00 a.m. <br> Ctrm:  15 <br> Judge: Hon. Rita F. Lin <br><br> Action Filed:  9/15/25 <br> Trial Date:    None |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    THERE IS NO BASIS FOR FEDERAL JURISDICTION IN THIS MATTER

Plaintiff claims in her opposition that her claim "sounds in the ancient tort of piracy."  The claim being made by plaintiff, however, "piracy on the high seas," does not sound in tort.  This is a criminal action for which there is no private cause of action. Since this is the sole basis for plaintiff's claims of federal jurisdiction, plaintiff's entire action, including the state-based causes of action, must be dismissed.

Criminal statutes do not create private causes of action unless specifically identified by Congress. In *Hill v. DiDio* (2006) 191 Fed. Appx. 13, 14, the court noted

1

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]

that crimes are prosecuted by the government and that private individuals may only bring suit under a federal statute when Congress specifically intended to create a private right of action.

Plaintiff acknowledges in her opposition that her claim has no merit by attempting to recast her action as an entirely new claim with no explanation of how a manifestly criminal statute can be transformed into a tort action.  Additionally, as set forth in plaintiff's allegations, there is nothing remotely tying these moving defendants with any allegations regarding piracy at sea.

As plaintiff has no basis for federal jurisdiction, there is also no basis for the court to exercise supplemental jurisdiction over the state law claims.

To survive a Rule 12(b)(6) motion to dismiss plaintiff must make a "short and plain statement" providing "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 570 (quoting Rule 8(a)(2)). Dismissal is appropriate where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.* (9th Cir. 1988) 901 F.2d 696, 699.

Plaintiff cannot demonstrate the right to a private cause of action under the solely criminal statute of piracy on the high seas.  As such, plaintiff's action against these moving defendants should be dismissed in its entirety.

## II.    CONCLUSION

Pursuant to the foregoing, defendants, Kezar Pub, LLC, and Mad Dog in the Fog, request that the court grant the motion to dismiss for failure to state a claim upon which relief may be granted with prejudice.

DATED:  April 2, 2026          FRIEDENTHAL, HEFFERNAN & BROWN, LLP

By  *Daniel R. Friedenthal*

DANIEL R. FRIEDENTHAL, ESQ.
Attorneys for Defendants, KEZAR PUB, LLC, and MAD DOG IN THE FOG

2

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED [FRCP 12(b)(6)]**