BRUCE C. FUNK (SBN: 122340)
Law Office of Bruce C. Funk
46 West Santa Clara Street
San Jose, California 95113
Telephone (408) 280-6488
Facsimile (408) 286-3139
Email bcfunkesq@aol.com

Attorney for Defendants,
Jerry Deal and Jerry's Faeries, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADY BENJAMIN P.D. CANNON, A.S.C.E.,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW MARTIN MCGETTIGAN, an individual; BARBARA JANE MCGETTIGAN, an individual; JERRY DEAL, an individual; CYRIL HACKETT, an individual; RANDY MAUPIN, an individual; PATRICIA A BYRNE, an individual; JOHN SELGRATH, an individual; THE TRUST FOR THE BENEFIT OF MATTHEW MARTIN MCGETTIGAN, a trust; JERRY'S FAERIES, LLC, a California Limited Liability Company; KEZAR PUB, LLC, a California Limited Liability Company; CAT CLUB, a California company or partnership of undetermined type; F8 SF, a California company or partnership of undetermined type; MAD DOG IN THE FOG, a California company or partnership of undetermined type; and DOES ONE through DOE 100, inclusive,<br><br>Defendants. | CASE 3:25-cv-07834<br><br>**DEFENDANTS JERRY DEAL AND JERRY'S FAERIES, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: June 2, 2026<br>Time: 10:00 a.m.<br>Courtroom: 15<br>Judge: Honorable Rita F. Lin<br><br>Action Filed: 9/15/25<br>Trial Date: None |

TO PLAINTIFF LADY BENJAMIN P.D. CANNON, A.S.C.E. AND HER ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on June 2, 2026, at 10:00 am, or as soon thereafter as the matter may be heard, in Courtroom 15 of the above-entitled Court, located at 450 Golden Gate

Avenue, San Francisco, California 94102, Defendants Jerry Deal and Jerry's Faeries, LLC will move this Court for an order dismissing all claims against them in Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

Plaintiff's sole basis for purported federal jurisdiction in this action is for "piracy at sea," for which there is no private cause of action and the alleged acts did not occur on the high seas. All of Plaintiff's remaining causes of action against this moving defendant are properly based in state court, as such, Plaintiff's entire action should be dismissed.

This Motion is further made on the grounds that Plaintiff's Complaint fails to allege sufficient facts to state a plausible claim for relief against Defendants Jerry Deal and Jerry's Faeries, LLC.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Complaint filed in this action, all papers and pleadings on file in this action, and such other matters as may be presented to the Court at or before the hearing on this Motion.

Dated: April 18, 2026

Respectfully submitted,

*<u>/s/ Bruce C. Funk</u>*
BRUCE C. FUNK, Attorney for Defendants, Jerry Deal and Jerry's Faeries, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants, Jerry Deal and Jerry's Faeries, LLC, respectfully submit this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's sprawling complaint alleges twelve separate causes of action against these Defendants, seeking damages exceeding ten million dollars per claim. Yet, beneath the complaint's voluminous allegations lies a fundamental deficiency: the complaint fails to allege facts sufficient to state a plausible claim for relief against either Defendant.

The complaint relies almost exclusively on conclusory assertions, vague allegations made on information and belief, and legal conclusions unsupported by concrete factual allegations. A complaint must contain sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence supporting the claim. Conclusory statements, legal conclusions, and formulaic recitations of elements are insufficient.

Most critically, the complaint fails to allege concrete facts demonstrating that Deal and Jerry's Faeries had knowledge of, agreed to participate in, or substantially assisted in any of the alleged wrongdoing. The complaint does not identify when Deal was allegedly informed of McGettigan's attacks, what specific information he received, what his response was, or what specific actions he took in response. These omissions strike at the heart of Plaintiff's claims and render them implausible as a matter of law.

Accordingly, all claims against Deal and Jerry's Faeries should be dismissed with prejudice.

### II. STATEMENT OF FACTS

The following facts are taken from Plaintiff's Complaint and are recited solely for purposes of this Motion. Defendants do not admit the truth of these allegations.

#### A. The Parties and Business Relationship

Defendant Jerry Deal is an individual who resides in San Francisco, California. Deal owns Defendant Jerry's Faeries, LLC, a California limited liability company that operates a commercial vessel charter service. Jerry's Faeries owns or operates several vessels, including the DRAGON LADY, an 85-foot charter yacht, and the HAMCAT, a 36-foot trawler. (Compl., page 3, line 6 – 8.)

Defendant Matthew Martin McGettigan is an individual who resides in San Francisco. The

complaint alleges McGettigan has a history of legal trouble involving illegal drug use and dealing. The complaint alleges McGettigan is a partner, crew member, employee, co-conspirator or otherwise collaborator with Deal. (Compl., page 2, line 14 – 22.)

Plaintiff Lady Benjamin P.D. Cannon is described as an aerospace engineer, member of professional engineering societies, and owner of several vessels, including a 42-foot vessel named GOTBIER and an 8-foot tender vessel named GOTBIER II. (Compl., page 2, line 5 – 13.)

**B. Alleged Incidents**

The complaint alleges a series of incidents involving McGettigan's alleged attacks on Plaintiff's vessels:

1. September 19, 2023: McGettigan allegedly boarded Plaintiff's vessel without permission, assaulted her, and attempted to strangle her. The complaint does not allege Deal or Jerry's Faeries were involved in this incident or provided any vessel or equipment used. Compl., page 5, line 28 – page 7, line 3.)

2. October 14, 2024: McGettigan allegedly stole Plaintiff's tender boat. The complaint does not allege Deal or Jerry's Faeries were involved. (Compl., page 7, lines 4-14.)

3. November 28, 2024: McGettigan allegedly used a tender from DRAGON LADY to attack Plaintiff's vessels, steal her tender boat, and attempt to sink her main vessel by cutting anchor lines and electrical cables. The complaint alleges Deal allowed McGettigan to use DRAGON LADY to attack Plaintiff's fleet even after being told by Plaintiff that McGettigan was using DRAGON LADY to attack her fleet, but provides no dates, times, or details regarding when Deal was allegedly informed, what information he received, or what his response was. (Compl., page 7, line 16 – page 9, line 13.)

4. December 14, 2024: McGettigan allegedly crashed his boat HAMCAT into Plaintiff's vessel. The complaint does not allege Deal or Jerry's Faeries were involved. (Compl., page 9, line 16 – page 10, line 1.)

5. February 28, 2025: McGettigan allegedly again used tenders from DRAGON LADY to steal Plaintiff's tender boat. The complaint provides no specific facts regarding Deal's involvement. (Compl., page 10, lines 5-16.)

**C. Other Allegations**

The complaint alleges McGettigan stole over $350,000 worth of equipment from Plaintiff's storage units and worked in concert with Deal and Jerry's Faeries to store and use stolen property at business locations and homes. However, the complaint does not identify what property was allegedly stored where, when it was stored, who had access to it, or what actions Deal or Jerry's Faeries took regarding the property. (Compl., page 10, line 17 – page 11, line 17.)

The complaint alleges McGettigan and various other co-defendants defamed Plaintiff by spreading false rumors, but does not allege specific false statements made by Deal or Jerry's Faeries or that they published any statements about Plaintiff. (Compl., page 11, line 19 – page 12, line 2.)

## III. LEGAL STANDARD

Under Rule 12(b)(6), a complaint must articulate a cognizable legal theory and allege sufficient facts to support that theory. A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. This standard does not require a probability of misconduct but demands more than a mere possibility or speculative level of wrongdoing. *Am. Ice Mach. Co. v. Mod. Ice Equip. Co.* 763 F. Supp. 3d 1149 (2025), 1153, *Mau v. City & Cnty. of Honolulu* 807 F. Supp. 3d 1169 (2025), 1184, *In re Virtu Fin., Inc. Sec. Litig.* 770 F. Supp. 3d 482, 496 (2025).

The U.S. Supreme Court in *Bell Atl. Corp. v. Twombly* 550 U.S. 544, 555, 570 (2007) clarified that a complaint must include more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Instead, factual allegations must raise a right to relief above the speculative level. *In re Virtu Fin., Inc. Sec. Litig., supra* at 496, *Bell Atl. Corp., supra* at 555, *Ford v. Hyundai Motor Am.* 709 F. Supp. 3d 1067, 1075-1076 (2024). Similarly, in *Ashcroft v. Iqbal* 556 U.S. 662 (2009), the Court emphasized that while courts must accept well-pleaded factual allegations as true, they are not bound to accept legal conclusions couched as factual allegations. The plausibility standard requires non-conclusory factual content that suggests a claim entitling the plaintiff to relief. *Ashcroft, supra* at 678-679.

In the Ninth Circuit, courts apply this standard by construing the factual allegations in the light most favorable to the plaintiff and drawing all reasonable inferences in their favor. However,

bare legal conclusions or threadbare recitals of the elements of a cause of action are insufficient to survive a motion to dismiss. *Am. Ice Mach. Co., supra* at 1153, *Mau, supra* at 1184*, Ford, supra* at 1075-1076.

In sum, to survive a Rule 12(b)(6) motion, a complaint must provide sufficient factual matter to nudge the claim from conceivable to plausible, ensuring that the defendant has fair notice of the claim and its grounds. *Am. Ice Mach. Co., supra* at 1153*, Mau, supra* at 1184*, In re Virtu Fin., Inc. Sec. Litig., supra* at 496*, Bell Atl. Corp., supra* at 555*, Ashcroft, supra* at 678-679.

In *Arroyo-Torres v. Ponce Federal Bank, F.B.S.* 918 F.2d 276, 280 (1st Cir. 1990), the court found that a 12(b)(6) motion as the proper vehicle where no federal question exists because of a lack of a private cause of action.

## IV. ARGUMENT

### A. The Piracy Claim Fails as a Matter of Law

#### 1. Plaintiff Has Failed To State A Claim For Piracy At Sea Because The Alleged Acts Did Not Occur On The High Seas

The term "high seas" is generally defined as waters that are not part of the territorial waters of any nation. Under federal law, the territorial waters of the United States, including California, extend three geographical miles (approximately 3.45 statute miles) from the coastline, as defined by 43 USCS § 1301 and 43 USCS § 1312. Beyond this three-mile limit, the waters are considered "high seas". 43 USCS § 1301, 43 USCS § 1312, 2 California Torts § 22.12 Remedy for Wrongful Death.

Courts have broadly construed the term "high seas" to encompass all waters beyond the territorial waters of the United States. This includes waters that are not under the exclusive jurisdiction of any single nation, such as international waters. For example, the Death on the High Seas Act (DOHSA) applies to wrongful death claims arising from incidents occurring beyond three nautical miles from the U.S. shore, and courts have interpreted "high seas" under this act to include waters outside U.S. territorial jurisdiction, even if they are within the territorial waters of another nation. 2 California Torts § 22.12 Remedy for Wrongful Death, *Touhey v. Carnivale Cruise Lines* 111 Cal. App. 3d 958, 960 (1980).

Additionally, case law has clarified that the "high seas" are distinct from inland waters, ports, and harbors, which are under the jurisdiction of the adjacent state or nation. For instance, in *Beckett v. MasterCraft Boat Co.* 126 Cal. App. 4th 1045 (2005), the court noted that "high seas" are not limited to expansive oceans but include all waters beyond U.S. territorial waters. *Beckett, supra* at 1048. Similarly, in *People v. Weeren* 26 Cal. 3d 654 (1980), the California Supreme Court affirmed that California's territorial waters are limited to a three-mile belt off the mainland and surrounding coastal islands, with waters beyond this limit considered "high seas" for federal purposes. *Weeren, supra* at 665.

In summary, the "high seas" are defined as waters beyond the territorial jurisdiction of any nation, typically starting three nautical miles from the U.S. coastline, and include international waters not subject to the dominion of any single nation. 43 USCS § 1301, 43 USCS § 1312, 2 California Torts § 22.12 Remedy for Wrongful Death, *Touhey v. Carnivale Cruise Lines* 111 Cal. App. 3d 958 (1980), *Beckett v. MasterCraft Boat Co.*, 126 Cal. App. 4th 1045 (2005).

**2. No Private Cause of Action for "Piracy at Sea"**

Plaintiff bases her claim for venue in this court on the allegation of "piracy at sea." (Fifth Cause of Action.) There is no private cause of action for such a claim.

The act of piracy, prohibited by 18 U.S.C. § 1652, et seq., is a criminal statute that does not offer relief for a private cause of action. "The presence of a criminal statute neither creates nor implies a corresponding private right of action." (*Oglala Sioux Tribe v. Schwarting* 894 F.Supp.2d 1195, 1200 (D. Neb. 2012).)

Under federal law, there is no private cause of action for piracy under 18 USCS § 1651.

This statute criminalizes piracy on the high seas and prescribes life imprisonment for those who commit such acts, but it does not provide for a private right of action. The statute is aimed at criminal prosecution by the government rather than civil remedies for private individuals. 18 USCS § 1651.

The principle that private rights of action must be explicitly created by Congress is well-established. Courts have consistently held that criminal statutes, including those addressing piracy, do not inherently confer private rights of action unless Congress explicitly provides for such a

remedy. For example, in *Hill v. DiDio* 191 Fed. Appx. 13 (2006), the Second Circuit emphasized that crimes are prosecuted by the government, not private parties, and that private individuals may only bring suit under a federal statute when Congress specifically intended to create a private right of action. *Hill, supra* at 14. Similarly, in *Stew Farm, Ltd. v. Natural Res. Conservation Serv.* 767 F.3d 554 (2014), the Sixth Circuit reiterated that private rights of action to enforce federal law must be created by Congress, and the absence of statutory language indicating such intent precludes the recognition of a private remedy. *Stew Farm, Ltd., supra* at 562.

Furthermore, the Supreme Court has clarified that the judicial task is to interpret the statute to determine whether Congress intended to create not just a private right but also a private remedy. Without explicit evidence of such intent, courts may not infer a private cause of action, regardless of policy considerations. *Cenzon-DeCarlo v. Mount Sinai Hosp.* 626 F.3d 695, 697 (2010).

In the context of piracy, while 18 USCS § 1651 reflects the principle of universal jurisdiction and the international recognition of piracy as a crime against all nations, *United States v. Ali* 718 F.3d 929, 935 (2013), *United States v. Shibin* 722 F.3d 233 (2013), it remains a criminal statute. There is no indication in its language or legislative history that Congress intended to create a private right of action for individuals harmed by acts of piracy. Instead, the statute is designed to enable the prosecution of pirates by the United States government.

In conclusion, 18 USCS § 1651 does not provide a private cause of action for piracy under federal law. Any civil remedies for acts of piracy would need to be pursued under other legal frameworks, such as the Alien Tort Statute, 28 USCS § 1350, which allows aliens to bring civil actions for torts committed in violation of the law of nations, provided the claim meets the stringent requirements established by the Supreme Court in *Sosa v. Alvarez-Machain* 542 U.S. 692 (2004). However, even under the Alien Tort Statute, claims must rest on norms of international character that are universally accepted and specifically defined. *Sosa, supra* at 727.

In *S. Kadic v. Karadzic,* 70 F.3d 232, 238-240 (2d Cir.1995), the court found that a party may have a private cause of action for piracy under the Alien Tort Act, but further noted that the Alien Tort Act only applied to tort actions by aliens. The complaint does not allege that Plaintiff is an alien.

### 3. Alternatively, the Complaint Fails to Plead Knowledge and Intent

Even if a private right of action existed, the complaint fails to plead facts satisfying the knowledge and intent requirements for furnishing or fitting out a vessel for piracy. 18 USCS § 1657

The complaint alleges only that McGettigan used tenders associated with Deal and Jerry's Faeries' DRAGON LADY to attack Plaintiff's vessels and that Deal supposedly continued to allow such use after being told. These allegations are conclusory and lack the specificity required under the plausibility standard. The complaint does not allege what specific equipment, supplies, or services Deal allegedly provided to McGettigan or the tenders, when such provision occurred, whether Deal took any affirmative steps to furnish or fit out the tenders for use in piracy, or what role Deal played in preparing the vessels for the alleged attacks.

Liability for furnishing or fitting out a vessel for piracy requires knowledge that the vessel will be used for piracy and intent to facilitate that use. The complaint contains no allegations that Deal knew of McGettigan's planned attacks at the time of any alleged furnishing. The complaint states only that Deal continued to allow such use after being told, which suggests knowledge came after the fact, not before. This temporal sequence is fatal to any claim that Deal furnished or fitted out the vessel with knowledge and intent to facilitate piracy.

## B. Without Valid Federal Jurisdiction Over The Piracy Claim, This Court Lacks Jurisdiction Over Plaintiff's State Law Claims

In federal question cases, a valid federal claim must be pleaded before a federal court can exercise "supplemental jurisdiction": "[I]t makes no sense to speak of pendent [supplemental] jurisdiction until after a court has independently acquired jurisdiction over a federal cause of action." (*Hunter v. United Van Lines* 746 F.2d 635, 649. (9th Cir. 1984))

Plaintiff's Complaint asserts federal jurisdiction based solely on the piracy claim. The remaining eleven causes of action are all based on state law, including state law torts such as battery, assault, false imprisonment, conversion, defamation, negligence, and intentional infliction of emotional distress, as well as a claim under California Civil Code section 51.

Federal courts have original jurisdiction over civil actions arising under federal law. 28

USCS § 1331. When a federal court has original jurisdiction over a federal claim, it may exercise supplemental jurisdiction over related state law claims that form part of the same case or controversy. 28 USCS § 1367.

However, when the federal claim that provides the basis for original jurisdiction is dismissed, the court loses the foundation for exercising supplemental jurisdiction over the remaining state law claims. Here, because Plaintiff's piracy claim fails to state a claim upon which relief can be granted, this Court lacks federal question jurisdiction over the action. Without valid federal jurisdiction over the piracy claim, the Court also lacks supplemental jurisdiction over Plaintiff's state law claims.

All of Plaintiff's remaining causes of action are properly brought in state court under state law. The alleged conduct, even accepting Plaintiff's allegations as true, involves disputes over alleged assaults, thefts, property damage, and defamation occurring within California. These are quintessentially state law matters that should be adjudicated in California state court, not federal court.

28 U.S.C. 1367 states that supplemental jurisdiction is mandatory except where under section 1367(c) the court determines that the state law claim "(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, [or] (3) the district court has dismissed all claims over which it has original jurisdiction."

In the present matter, the court should dismiss the sole claim alleged by plaintiff to provide jurisdiction: "piracy at sea." As such, defendant, Matthew McGettigan, requests dismissal of plaintiff's state cause of actions against him as the Court no longer has supplemental jurisdiction.

## V. CONCLUSION

For the foregoing reasons, Defendants Jerry Deal and Jerry's Faeries, LLC respectfully request that this Court grant their Motion to Dismiss and dismiss all claims against them with prejudice for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

//

//

//

Defendants further request such other and further relief as the Court deems just and proper.

Dated: April 18, 2026

Respectfully submitted,

*<u>/s/ Bruce C. Funk</u>*
BRUCE C. FUNK, Attorney for Defendants, Jerry Deal and Jerry's Faeries, LLC