UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LADY BENJAMIN P. D. CANNON,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTHEW MARTIN MCGETTIGAN, et al.,<br><br>        Defendants. | Case No.  25-cv-07834-RFL<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 33, 35, 36, 37, 44, 45 |

In this case, Lady Benjamin P.D. Cannon, A.S.C.E. alleges a series of unlawful conduct generally involving her boats.  After voluntarily dismissing claims against two defendants, she asserts twelve claims against eleven defendants.  One of those claims is piracy, asserted against Matthew Martin McGettigan, Barbara Jane McGettigan, Jerry Deal, and Jerry's Faeries, LLC. Those four defendants, Mad Dog in the Fog, and Kezar Pub, LLC (collectively, the "Moving Defendants") now move to dismiss.  For the reasons stated below, the Moving Defendants' motions are **GRANTED**.  Dismissal is with leave to amend.  This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

*Piracy.*  Cannon asserts her piracy claim under 18 U.S.C. § 1651 and Article 101 of the United Nations Convention on the Law of the Sea ("UNCLOS"), Dec. 10, 1982, 1833 U.N.T.S. 397.  (Dkt. No. 1 ("Compl.") ¶¶ 89–106.)  However, neither provides a private right of action. Federal criminal statutes like 18 U.S.C. § 1651 generally do not provide a private right of action absent an express statement to the contrary.  *See Kettenburg v. Google, Inc.*, No. 24-CV-06237-SVK, 2024 WL 4219994, at *2 (N.D. Cal. Sept. 16, 2024) (citations omitted).  The same is true for ratified treaties.  *Medellín v. Texas*, 552 U.S. 491, 506 n.3 (2008).  And though the United

1

States has signed the UNCLOS, it has never ratified the treaty, so the UNCLOS has not become domestic law. *See Tobar v. United States*, 639 F.3d 1191, 1196 (9th Cir. 2011) (finding the UNCLOS did not waive sovereign immunity).

Even assuming general maritime law could supply a private right of action to bring a piracy claim under Section 1651 and UNCLOS, both laws require conduct occurring "on the high seas." *See* 18 U.S.C. § 1651; UNCLOS, art. 101. The high seas are beyond territorial waters. *United States v. Beyle*, 782 F.3d 159, 167 (4th Cir. 2015). A country's territorial waters generally extend twelve nautical miles from the coastline. *Id.* at 167–68. Rather than occurring that far into the ocean, the acts giving rise to Cannon's piracy claim are expressly alleged to have occurred close to shore or in the San Francisco Bay. (*See* Compl. ¶¶ 24–25, 29–32, 37–38, 90–94.) As a result, she does not plausibly allege a claim for piracy.

*Jurisdiction.* Cannon contends that federal question jurisdiction applies. (*Id.* ¶ 16.) However, with the dismissal of the piracy claim, all of Cannon's remaining claims arise under state law. Both Cannon and several Defendants appear to be citizens of California, so there is no diversity jurisdiction. (*See id.* ¶¶ 1–3, 12, 32.) While Cannon contends that the dismissed piracy claim could support supplemental jurisdiction, concerns over "judicial economy, convenience, fairness, and comity" weigh against exercising that jurisdiction, given the early dismissal of the piracy claim. *See* 28 U.S.C. § 1367(c)(3); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citation omitted). The Complaint does not allege any other basis for jurisdiction over Cannon's claims.

*Conclusion.* The Moving Defendants' motions to dismiss are **GRANTED**. Because amendment does not necessarily appear futile, dismissal is with **LEAVE TO AMEND**. If Cannon wishes to file an amended complaint correcting the deficiencies identified above, she may do so by **July 14, 2026**. The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. If no amended complaint is filed by that date, the complaint will remain dismissed, judgment will be entered in

2

favor of Defendants, and the case will be closed.

**IT IS SO ORDERED.**

Dated: June 23, 2026

_____
RITA F. LIN
United States District Judge